Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DARYL OSBRINK, an Individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, a corporation,<br><br>                    Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $480,000<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Daryl Osbrink, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Daryl Osbrink, lives in Washington County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and

received a right-to-sue letter on or about May 8, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington County, Oregon.

3.

At all times material to this Complaint, Defendant AmerisourceBergen was regularly conducting business in the State of Oregon, at various locations throughout Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

5.

Plaintiff worked without incident for approximately sixteen years as a traveling Retail Merchandising Specialist for Defendant.  Plaintiff worked directly with clients at various locations throughout Oregon and the Pacific Northwest. Throughout his employment, Plaintiff received consistently good feedback from his manager and clients.

6.

Plaintiff is also a devoutly religious individual who is dedicated to following the tenets of his faith to the best of his ability. Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

7.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for

Page 2 –COMPLAINT FOR DAMAGES

religious exceptions.  Plaintiff had serious objections to taking the vaccine because it would constitute violating his bodily integrity and tainting the purity of his body.  On or about September 13, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

On or about October 14, 2021, Plaintiff's requested religious exemption was denied, even though he was told by an HR representative that his request had met their documentation requirements. Plaintiff was terminated on January 7, 2022.

14.

Plaintiff has been devastated by the loss of his job and has struggled to find long term employment. He has been unable to obtain work in the same field as he lacks transportation.  When he was first employed by Defendant he used his personal car for work, putting over 89,000 miles on his vehicle and driving his car into the ground. Plaintiff then used a fleet vehicle provided by Defendant. At his termination, Plaintiff lost access to the fleet vehicle, and he lacks the income to replace it with a different vehicle.  Plaintiff has been forced to retrain for a new career, but finding work as an older worker in a new field remains difficult.

15.

The termination of Plaintiff's pay and benefits, including medical insurance, has had a significantly negative impact on his life. Prior to his termination, Plaintiff was earning approximately $58,000 yearly, plus benefits and the use of the fleet vehicle.

16.

The Defendant has yet to explain why, in its view, after almost two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

unacceptable health and safety risk necessitating him being terminated.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

19.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

21.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.

When Plaintiff raised his well-founded and sincere religious objection to taking the

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

COVID-19 vaccine, the Defendant failed to grant him an exemption or make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue working with PPE and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

23.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

25.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to grant the Plaintiff's requested exemption or to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue working with PPE and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

29.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in terminating Plaintiff. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $380,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $380,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 1st day of June, 2023.


JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999